UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SWASEY and TRISHELE SWASEY, | No. 2:16-cv-01633-TLN-EFB |
| Plaintiffs, | **ORDER** |
| v. | |
| SETERUS, INC.; CITIMORTGAGE, INC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION, | |
| Defendants. | |

This matter is before the Court pursuant to Defendant CitiMortgage, Inc.'s ("Citi") Motion to Dismiss Plaintiffs Mark Swasey and Trishele Swasey's (collectively, "Plaintiffs") Complaint. (ECF No. 4.) Plaintiffs oppose this motion. (ECF No. 10.) Citi filed a reply. (ECF No. 14.) For the reasons set forth below, the Court hereby GRANTS Citi's Motion to Dismiss, (ECF No. 4), with leave to amend.

///
///
///
///
///

1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This matter concerns the property at 547 Penstock Drive, Grass Valley, California 95945 ("Property"). (ECF No. 1 at 6–7 ¶ 2.) Plaintiffs allege they obtained a $264,000 loan from Aegis Wholesale Corporation in September 2004 secured by a Deed of Trust ("DOT"). (ECF No. 1 at 7, 9 ¶¶ 3, 15.) Plaintiffs allege Citi serviced Plaintiffs' loan from September 2004 until at least February 2014. (ECF No. 1 at 9–10 ¶¶ 17, 24.) Plaintiffs allege Citi modified Plaintiffs' loan in 2012, reducing their monthly payment from $1,519.73 to $1,484.06. (ECF No. 1 at 9 ¶ 22.)

Plaintiffs allege defendant Federal National Mortgage Association ("Fannie Mae") acquired Plaintiffs' mortgage "pursuant to a Corporate Assignment of the DOT. (ECF No. 1 at 7 ¶ 4.) Plaintiffs allege they received a letter from defendant Seterus, Inc. ("Seterus") around February 13, 2014, stating Seterus would be "the servicer and debt-collector" of the mortgage, "on behalf of Fannie Mae," the creditor. (ECF No. 1 at 7–8 ¶ 24; ECF No. 1 at 52–53.) Plaintiffs allege Seterus was the servicer "at all times relevant to the allegations." (ECF No. 1 at 7 ¶ 5.)

Plaintiffs allege Seterus, in the February 2014 letter, directed Plaintiffs to make all mortgage payments to Seterus. (ECF No. 1 at 8 ¶ 24; ECF No. 1 at 52–53.) Plaintiffs allege a system called the Mortgage Electronic Registration System ("MERS") still identified Citi as the servicer of Plaintiffs' mortgage. (ECF No. 1 at 8 ¶ 24.) Plaintiffs allege Citi informed Plaintiffs in March 2014 that Plaintiffs' monthly payment was reduced again from $1,484.06 to $1,395.02. (ECF No. 1 at 8 ¶ 25.) Plaintiffs allege they made their monthly payments to Citi for March and April 2014. (ECF No. 1 at 8 ¶ 25.) Plaintiffs allege that in May 2014 they made their monthly payment for May 2014 to Seterus. (ECF No. 1 at 8 ¶ 26.)

Plaintiffs allege they submitted a modification application to Seterus about a year later, in summer 2015, which Plaintiffs allege Seterus mishandled. (ECF No. 1 at 8–13 ¶ 32–52.) Plaintiffs allege Seterus delayed evaluating their application until the Property was eventually sold in foreclosure to Fannie Mae in May 2016. (ECF No. 1 at 8–13 ¶ 32–52.) Plaintiffs sued Seterus, Fannie Mae, and Citi, asserting Citi had agency relationships with Seterus and Fannie Mae during 2015 and 2016 and is liable for their conduct. (ECF No. 1 at 14–15 ¶¶ 57–66.) Citi moves to dismiss all claims against it for failure to state a claim. (ECF No. 4.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim ... is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

///

///

### III. ANALYSIS

Citi argues Plaintiffs fail to allege facts against Citi to support a claim because Plaintiffs state Citi is liable for Seterus and Fannie Mae's conduct based on agency relationships but fail to allege facts showing Citi had an agency relationship with either. (ECF No. 4 at 3.) Plaintiffs allege two factual bases for their claim Citi had agency relationships with Seterus and Fannie Mae: (1) that Seterus's letter to Plaintiffs informing Plaintiffs that Seterus was the servicer of their mortgage and Fannie Mae the creditor did not state Citi was no longer involved with the mortgage and (2) MERS continues to list Citi as the servicer of their loan. (ECF No. 10 at 5–6.)

Plaintiffs allege Seterus and Fannie Mae engaged in wrongful conduct from summer 2015, when Plaintiffs submitted their modification to Seterus, through May 2016, when the Property was sold in foreclosure to Fannie Mae. (ECF No. 1 at 8–13 ¶¶ 32–52.) That period is one to two years after Plaintiffs allege they had contact with Citi, (ECF No. 1 at 10 ¶¶ 25–26), therefore, Plaintiffs must establish a relationship between Citi and Seterus and Fannie Mae to hold Citi liable for their alleged conduct. *Mendez v. Selene Fin. LP*, 2017 WL 6940522, at *3 (C.D. Cal. Feb. 7, 2017). Plaintiffs rely on an agency theory of liability. (ECF No. 1 at 14–15 ¶¶ 57–66.)

Agency can be established either by agreement between the agent and the principal, an "actual agency," or it can be founded on "ostensible authority." CAL. CIV. CODE §§ 2298—2300; *Deutsch v. Masonic Homes of Cal., Inc.*, 164 Cal. App. 4th 748, 781 (2008). "Under California law, an agency is ostensible when a principal causes a third person to believe another to be his agent, who is not really employed by him." *Van Maanen v. Youth With A Mission-Bishop*, 852 F. Supp. 2d 1232, 1250 (E.D. Cal. 2012) (citing CAL. CIV. CODE § 2300), *aff'd sub nom. Van Maanen v. Univ. of the Nations, Inc.*, 542 F. App'x 581 (9th Cir. 2013). The principal to be charged must make the representation of agency through an act or neglect and the third person must reasonably rely on the agent's authority and must change position or be injured as a result of that reliance. *Deutsch*, 164 Cal. App. 4th at 782.

Plaintiffs state Citi had an "actual and ostensible" agency relationship with Seterus because MERS's website continued to list Citi as the servicer of the loan. (ECF No. 1 at 14 ¶ 59.) However, Plaintiffs do not allege any facts to support an agreement between Citi and Seterus, as

required for an actual agency. *Exec. Sec. Mgmt., Inc. v. Dahl*, 830 F. Supp. 2d 883, 899 (C.D. Cal. Nov. 15, 2011) (stating an actual agency arises when the principal manifests assent for the agent to act on its behalf and the agents consents). Rather, Plaintiffs merely state the conclusion. *Silva v. Saxon Mortg. Servs. Inc.*, 2012 WL 2450709, at *4 (E.D. Cal. June 26, 2012) (holding conclusory allegations rather than factual ones fail to plausibly suggest an agency relationship).

Plaintiffs also assert Citi had an ostensible agency with Seterus. (ECF No. 1 at 14 ¶ 59.) In support, Plaintiffs argue they only alleged they received a letter from Seterus stating Seterus was the servicer of their mortgage, not that the information in the letter was true. (ECF No. 10 at 5.) Further, Plaintiffs argue Seterus's letter to Plaintiffs did not state Citi was no longer involved with the mortgage, and to the best of Plaintiffs' knowledge Citi did not give up its servicing rights. (ECF No. 10 at 5–6.) For an agency relationship to exist the *principal* must indicate that the agent is to act under the principal's control. *Deutsch*, 164 Cal. App. 4th at 782. Plaintiffs only allege conduct by Seterus, but do not allege conduct by Citi which would indicate to Plaintiffs that Citi was the principal and Seterus was acting as Citi's agent.

Plaintiffs allege that even after Seterus sent Plaintiffs the letter, the MERS web site continued to show Citi as the servicer. (ECF No. 1 at 14 ¶ 57.) Plaintiffs allege Citi, not MERS, was the principal, but Plaintiffs have not alleged conduct by Citi that would indicate to Plaintiffs that Citi was the principal and either Seterus or Fannie Mae was its agent from May 2015 on, when Plaintiffs allege the wrongful conduct began. *Deutsch*, 164 Cal. App. 4th at 782. Rather, Plaintiffs allege they were notified by Seterus in February 2014 that Seterus was *the* servicer on behalf of Fannie Mae, and Plaintiffs should direct payments to Seterus. (ECF No. 1 at 10 ¶ 24.)

Plaintiffs state that if given leave to amend, Plaintiffs would include allegations the MERS site continues to show Citi as the servicer of the mortgage.[1] (ECF No. 10 at 6, 9–10.) Plaintiffs have not explained how MERS's actions, even if continuing, are relevant to show conduct by Citi indicating to Plaintiffs that Citi was the principal and Seterus or Fannie Mae were Citi's agents. Plaintiffs have not cited any authority to support their proposition.

---

[1] Citi speculates MERS did not update information about the account after Citi transferred the mortgage to Fannie Mae and MERS was no longer involved with the account. (ECF No. 14 at 3.) As discussed, MERS's conduct does not affect the Court's analysis of Citi's liability under an agency theory.

6

Plaintiffs fail to plead sufficient facts to support their theory of agency between Citi and Seterus. Plaintiffs' conclusory statements are insufficient to show an agency relationship existed under which Citi is liable for alleged conduct by Seterus. *Silva,* 2012 WL 2450709, at *4 (E.D. Cal. June 26, 2012) (finding the plaintiffs' "blanket allegation" the defendant was a successor-in-interest to the prior lender, unsupported by factual allegations and with no suggestion of an agency relationship, was insufficient to plausibly suggest the defendant was a successor-in-interest). Plaintiffs fail to address Citi's argument that Plaintiffs do not allege sufficient facts to show an agency relationship between Citi and Fannie Mae. Accordingly, the Court grants Citi's Motion to Dismiss, (ECF No. 4).

## IV. LEAVE TO AMEND

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)). "A district court may deny a plaintiff leave to amend if it determines that allegations of other facts consistent with the challenged pleading could not possibility cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). The Court cannot state Plaintiffs could not cure the deficiencies by the allegation of other facts consistent with their complaint. Accordingly, the Court will grant Plaintiffs leave to amend their complaint within 30 days of the date of this Order.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Citi's Motion to Dismiss, (ECF No. 4), and GRANTS Plaintiffs thirty (30) days from the date of this Order to file an amended complaint.

IT IS SO ORDERED.

Dated: May 30, 2018

Troy L. Nunley
United States District Judge