UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SWASEY; and TRISHELE SWASEY<br><br>Plaintiffs,<br><br>v.<br><br>SETERUS, INC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:16-cv-01633-TLN-EFB<br><br>**ORDER** |

This matter is before the Court on Defendants Seterus, Inc. ("Seterus") and Federal National Mortgage Association's ("Fannie Mae") (collectively, "Defendants") Motions to Dismiss the First Amended Complaint ("FAC"). (ECF Nos. 31, 32.) Plaintiffs Mark Swasey and Trishele Swasey (collectively, "Plaintiffs") filed an opposition. (ECF No. 34.) Defendants filed a joint reply. (ECF No. 35.)

This case has a somewhat unusual procedural background. On May 31, 2018, the Court issued an order on nonmoving Defendant CitiMortgage, Inc.'s ("CitiMortgage") motion to dismiss the complaint. (ECF No. 22.) The Court granted CitiMortgage's motion to dismiss with leave to amend. (*Id.* at 7.) On June 14, 2018, this Court issued a separate order on Defendants'

1

motion to dismiss the complaint.[1] (ECF No. 23.) In that order, the Court granted Defendants' motion as to Plaintiffs' first, second, third, and eighth causes of action and denied the motion as to Plaintiffs' fourth, fifth, sixth, and seventh causes of action. (*Id.* at 23.) As in the CitiMortgage order, the Court granted Plaintiffs leave to amend. (*Id.*)

Pursuant to the Court's orders, Plaintiffs filed the operative FAC on June 29, 2018. (ECF No. 25.) CitiMortgage again moved to dismiss. (ECF No. 26.) Plaintiffs filed a non-opposition to CitiMortgage's motion, and the Court dismissed CitiMortgage from the action with prejudice. (ECF Nos. 29, 37.)

Defendants filed the instant motions to dismiss the FAC on August 10, 2018. (ECF Nos. 31, 32.) In opposition, Plaintiffs admit at the outset that "counsel for Plaintiffs erroneously only made amendments to the Complaint as to the facts and allegations related to Defendant CitiMortgage . . . none of the necessary amendments Plaintiffs intended on making as to Defendants Fannie Mae and Seterus were made." (ECF No. 34 at 2–3.) Based on this error, Plaintiffs request leave to amend. (*Id.*) Plaintiffs argue that they adequately demonstrated in their previous opposition and now in the instant opposition that they are able to plead facts sufficient to cure the defects discussed in the Court's original order. (*Id.* at 3.) According to Plaintiffs, the amendments they will make are identical to the changes that would have been made as argued in their previous opposition, and since the Court granted leave to amend in the previous order, it should do so again. (*Id.*) Plaintiffs argue that they would be greatly harmed if the Court denies them leave to amend, and equity requires the case be heard on the merits. (*Id.*)

In reply, Defendants argue that Plaintiffs' request for leave to amend should be denied because: (1) there are no facts or evidence to support their claim that there was actual oversight by the attorneys and that it was not purposeful; (2) it is implausible that an attorney would forget to amend the complaint based on an order of the Court; and (3) Plaintiffs fail to offer any facts showing how the claims could be amended to sufficiently state a claim. (ECF No. 35 at 2.)

Despite Defendants' arguments in reply, the Court has no reason to disbelieve Plaintiffs'

---

[1] Defendants filed a joint motion to dismiss the original complaint, but filed separate — essentially identical — motions to dismiss the FAC.

assertion that their failure to amend was due to their counsel's error.  Further, the Court agrees with Plaintiffs that they would be greatly prejudiced if their claims are dismissed without leave to amend based on counsel's error and not the true merits of the claims.  Not surprisingly, the instant motions to dismiss the FAC as to claims one, two, three, and eight are nearly identical to the motion to dismiss the original complaint, and Plaintiffs' opposition is nearly identical to the opposition that previously persuaded the Court to grant leave to amend as to those claims.  As such, the Court GRANTS Defendants' motions to dismiss claims one, two, three, and eight with leave to amend for the same reasons articulated in its previous order.  (ECF No. 23.)

In addition to moving to dismiss the aforementioned claims, Defendants also raise new arguments as to the fourth and seventh claims despite the fact that the Court previously denied Defendants' motion to dismiss those claims on other grounds.  "Rule 12(g) technically prohibits successive motions to dismiss that raise arguments that could have been made in a prior motion."  *Banko v. Apple, Inc.*, No. 13–02977 RS, 2013 WL 6623913, at *2 (N.D. Cal. Dec. 16, 2013).  "If a failure-to-state-a-claim defense under Rule 12(b)(6) was not asserted in the first motion to dismiss under Rule 12, Rule 12(h)(2) tells us that it can be raised, but only in a pleading under Rule 7, in a post-answer motion under Rule 12(c), or at trial."  *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017).  However, the Ninth Circuit has adopted a "very forgiving" approach and allows district courts to consider new arguments in successive motions to dismiss in the interest of judicial economy.  *Id.* at 318–19.

Despite this "forgiving" standard, Defendants here fail to explain why they did not include these new arguments in their prior motion to dismiss, and it is unclear whether the new arguments have been filed for the sole purpose of delay.  *See id.*; *see also Davidson v. Countrywide Home Loans, Inc.*, No. 09-CV-2694-IEG JMA, 2011 WL 1157569, at *4 (S.D. Cal. Mar. 29, 2011) ("In this case, Defendants have not brought successive motions under Rule 12 for the purpose of wasting time; rather, they have responded to Plaintiffs' multiple amended complaints.").  Defendants cannot argue they are properly responding to Plaintiffs' amendments because Plaintiffs did not amend their fourth and seventh claims.  Absent adequate explanation from Defendants, the Court DENIES Defendants' motions to dismiss Plaintiffs' fourth and seventh

claims without prejudice.  Alternatively, Defendants may consider raising their arguments as to claims four and seven in a motion brought under Rule 12(c) after the pleadings have closed.

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' Motions to Dismiss with leave to amend, (ECF Nos. 31, 32):

1. The Court GRANTS Defendants' Motions to Dismiss as to Plaintiffs' first, second, third, and eighth claims with leave to amend;
2. The Court DENIES Defendants' Motions to Dismiss as to Plaintiffs' fourth and seventh claims without prejudice; and
3. The Court GRANTS Plaintiffs fourteen (14) days from the date of electronic filing of this Order to file an amended complaint.

IT IS SO ORDERED.

Dated:  March 23, 2020

Troy L. Nunley
United States District Judge