1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   MARK SWASEY and TRISHELE                    No. 2:16-cv-01633-TLN-EFB
     SWASEY,
12
                    Plaintiffs,
13                                               **ORDER**
             v.
14
     SETERUS, INC.; FEDERAL NATIONAL
15   MORTGAGE ASSOCIATION; and DOES
     1 to 50,
16
                    Defendants.
17

18

19          This matter is before the Court pursuant to Defendants' Seterus, Inc. ("Seterus") and

20   Federal National Mortgage Association's ("Fannie Mae") (collectively, "Defendants") Motion for

21   Judgment on the Pleadings.  (ECF No. 43.)  Plaintiffs Mark Swasey and Trishele Swasey

22   (collectively, "Plaintiffs") oppose Defendants' motion.  (ECF No. 47.)  Defendants filed a reply.

23   (ECF No. 48.)  For the reasons set forth below, the Court hereby GRANTS in part and DENIES

24   in part Defendants' motion.  (ECF No. 43.)

25   ///

26   ///

27   ///

28   ///

                                                   1

1    **I.    FACTUAL AND PROCEDURAL BACKGROUND**[1]

2         Plaintiffs were homeowners who seek damages and injunctive relief based on Defendants'

3    alleged wrongful foreclosure of their home at 547 Penstock Drive, Grass Valley, California 95945

4    (the "Property").  (*See* ECF No. 40.)  Plaintiffs obtained a loan in 2004 that was serviced by

5    CitiMortgage, Inc. from approximately September 2004 through February 2014 and by

6    Defendants beginning February 2014.  (*Id.* at ¶¶ 17, 24, 52, 53.)  After Plaintiffs missed payments

7    in 2014 and 2015, Defendants refused to accept further payments "unless the full balance was

8    rendered" and subsequently invited Plaintiffs to apply for a loan modification.  (*Id.* at ¶¶ 27–30.)

9    Plaintiffs were informed that the Property would not be sold while their completed application

10   was under evaluation.  (*Id.* at ¶ 41.)  Plaintiffs continued to follow up with Defendants, who then

11   informed them that their property was sold in a foreclosure sale even though the evaluation of

12   their loan modification application was not yet complete.  (*Id.* at ¶¶ 44–52.)  Defendants then

13   recorded title to the Property.  (*Id.* at ¶ 53.)

14        Plaintiffs filed this action on June 10, 2016 in Nevada County Superior Court.  (ECF No.

15   1.)  On July 15, 2016, Defendants removed the action to this Court.  (*Id.*)  On April 8, 2020,

16   Plaintiffs filed the operative Second Amended Complaint ("SAC").  (ECF No. 40.)  On April 28,

17   2020, Defendants filed the instant motion.  (ECF No. 43.)  On August 20, 2020, Plaintiffs filed an

18   opposition.  (ECF No. 47.)  On August 27, 2020, Defendants filed a reply.  (ECF No. 48.)

19   **II.    STANDARD OF LAW**

20        Federal Rule of Civil Procedure ("Rule") 12(c) provides "[a]fter the pleadings are closed

21   — but early enough not to delay trial — a party may move for judgment on the pleadings."  Fed.

22   R. Civ. P. 12(c).  The issue presented by a Rule 12(c) motion is substantially the same as that

23   posed in a 12(b)(6) motion — whether the factual allegations of the complaint, together with all

24   reasonable inferences, state a plausible claim for relief.  *See Cafasso v. Gen. Dynamics C4 Sys.*,

25   637 F.3d 1047, 1054–55 (9th Cir. 2011).  "A claim has facial plausibility when the plaintiff

26   _____

27   [1]     The Court need not recount all the background facts of the instant case here, as they are
     set forth fully in the Court's May 31, 2018 and June 14, 2018 Orders.  (ECF Nos. 22, 23.)  The
     background facts have not substantially changed since the filing of Plaintiff's Second Amended
28   Complaint.

1   pleads factual content that allows the court to draw the reasonable inference that the defendant is

2   liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.*

3   *Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

4        In analyzing a 12(c) motion, the district court "must accept all factual allegations in the

5   complaint as true and construe them in the light most favorable to the non-moving

6   party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  Nevertheless, a court "need not

7   assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel.*

8   *Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  "A judgment on the pleadings is

9   properly granted when, taking all the allegations in the non-moving party's pleadings as true, the

10  moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d

11  676, 681 (9th Cir. 2010).  Courts have the discretion to grant a Rule 12(c) motion with leave to

12  amend, and to simply grant dismissal of the action instead of entry of judgment.  *See Lonberg v.*

13  *City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch.*

14  *Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

15       Even though Rule 12(c) does not expressly authorize "partial judgments," courts within

16  the Ninth Circuit have recognized application of Rule 12(c) to individual causes of action.

17  *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997), *aff'd*,

18  237 F.3d 1026 (9th Cir. 2001).  Thus, "[c]ourts have discretion to grant leave to amend in

19  conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment."

20  *Id.*  However, courts have not entertained motions for partial judgment on the pleadings for only

21  part of an individual claim or defense or "with respect to less than a full cause of action." *Erhart*

22  *v. Bofl Holding, Inc.*, 387 F. Supp. 3d 1046, 1062–63 (S.D. Cal. 2019) (quoting Wright & Miller);

23  *U.S. v. Real Property and Improvements Located at 2366 San Pablo Ave., Berkeley, CA*, 2013

24  WL 6774082, at *1 (N.D. Cal. 2013).

25       **III.   ANALYSIS**

26       Plaintiffs' SAC alleges eight claims: (1) negligence; (2) intentional misrepresentation; (3)

27  negligent misrepresentation; (4) wrongful foreclosure; (5) a violation of California Civil Code §

28  2923.6(c); (6) a violation of California Civil Code § 2923.7; (7) a violation of California Business

1   and Professions Code § 17200; and (8) intentional infliction of emotional distress ("IIED").  (*See*

2   ECF No. 40.)

3        Defendants seek judgment on the pleadings on Claims One through Three and Seven,

4   arguing Plaintiffs fail to plead sufficient facts to establish these claims.  (ECF No. 43 at 10–20.)

5   Defendants argue Plaintiffs cannot state a claim as to Claim Four because Plaintiffs request an

6   unavailable remedy to set aside a sale.  (*Id.* at 18.)  Defendants further request judgment on Claim

7   Eight for IIED as Plaintiffs in the SAC voluntarily dismissed this claim.  (*Id.* at 20; *see also* ECF

8   No. 40 at 27.)  Accordingly, Defendants' motion as to Claim Eight is hereby GRANTED without

9   leave to amend.  The Court will first address Defendants' Request for Judicial Notice (ECF No.

10  44) and then each of Plaintiffs' claims in turn.

11              A.      Defendants' Request for Judicial Notice

12       Defendants request the Court take judicial notice of Exhibits One through Nine.[2]  (*See*

13  ECF No. 44.)  Defendants assert Exhibits One through Seven are official records of Nevada

14  County, California, and are thus "capable of accurate and ready determination by resort to sources

15  of reasonably indisputable accuracy."  (*Id*. at 3.)  Plaintiffs do not oppose Defendants' motion.

16       The Court may take judicial notice of facts that can be "accurately and readily determined

17  from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Courts

18  have taken judicial notice of public records, which includes government documents and orders.

19

20  [2]       Exhibit 1 is the Deed of Trust dated September 1, 2004, executed by Plaintiffs, naming
    Mortgage Electronic Registration Systems, Inc. as "beneficiary" and Commonwealth Land Title

21  as "trustee."  (ECF No. 44 at 5–23.)  Exhibit 2 is the Assignment of Deed of Trust dated October
    10, 2011, executed by Mortgage Electronic Registration Systems Inc., assigning its beneficial

22  interest in the Exhibit 1 deed of trust and the "note" to CitiMortgage, Inc.  (*Id*. at 24–27.)  Exhibit
    3 is the Corporate Assignment of Deed of Trust dated February 14, 2014, executed by

23  CitiMortgage, Inc., assigning its beneficial interest in the Exhibit 1 deed of trust and the "note" to
    Fannie Mae.  (*Id*. at 28–29.)  Exhibit 4 is the Substitution of Trustee dated June 5, 2015, executed

24  by Fannie Mae, designating The Mortgage Law Firm, PLC as the "trustee" of the Exhibit 1 deed
    of trust.  (*Id*. at 30–32.)  Exhibit 5 is the Notice of Default and Election to Sell Under Deed of

25  Trust dated June 9, 2015, executed by The Mortgage Law Firm, PLC.  (*Id*. at 33–35.)  Exhibit 6 is
    the Notice of Trustee's Sale dated April 7, 2016, executed by The Mortgage Law Firm, PLC.  (*Id*.

26  at 36–39.)  Exhibit 7 is the Trustee's Deed Upon Sale dated May 9, 2016, executed by The
    Mortgage Law Firm, PLC, conveying real property to Fannie Mae.  (*Id*. at 40–43.)  Exhibits 8 and

27  9 are the June 14, 2018 and March 24, 2020 Orders of this Court.  (*Id*. at 44–73.)

28

4

1  *See Armacost v. HSBC Bank USA*, 2011 WL 825151, at *1 n.1 (D. Id. Feb. 9, 2011) (taking

2  judicial notice of documents filed in a county's public record, including deeds of trust); *Pantoja v.*

3  *Countywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1189 n.12 (N.D. Cal. 2009); *W. Fed. Sav.*

4  *& Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992).

5          Here, Exhibits One through Seven are publicly available government documents recorded

6  in the official records of Nevada County, California.  Exhibits Eight and Nine are publicly

7  available records issued by this Court.  Accordingly, Defendants' request for judicial notice of

8  Exhibits One through Nine is GRANTED.

9                    B.    Claim One: Negligence

10         Defendants argue Plaintiffs do not set forth factual allegations as to how, why, or when

11  Plaintiffs would have qualified for and received a loan modification if not for Defendants'

12  negligence.  (ECF No. 43 at 10; ECF No. 48 at 2–3.)  Defendants contend Plaintiffs' allegations

13  of damage to their credit score and other actions they could have taken to avoid foreclosure lack

14  sufficient detail.  (ECF No. 43 at 11.)  Defendants also argue Plaintiffs cannot premise this claim

15  on any alleged emotional distress because there is no physical injury.  (*Id.*)

16         In opposition, Plaintiffs argue their SAC sufficiently alleges causation and damages.

17  (ECF No. 47 at 6–9.)  Specifically, Plaintiffs contend they met the necessary requirements for a

18  loan modification and, but for Defendants' conduct, they should have received a loan

19  modification.  (*Id.* at 6.)  Plaintiffs maintain the SAC goes into detail about which remedies

20  Plaintiffs forewent.  (*Id.* at 7.)

21         This Court previously addressed the issue of causation and damages.  (*See* ECF No. 23 at

22  14–15.)  With respect to causation, as noted in the Court's June 14, 2018 Order, courts have

23  found that mishandling of modification documents may deprive a homeowner of the possibility of

24  obtaining the relief requested, even if there was no guarantee the modification would have been

25  approved if properly handled.  (*Id.* at 14 (citing *Garcia v. Ocwen Loan Servicing*, *LLC* (*Garcia I*),

26  No. C 10-0290 PVT, 2010 WL 1881098, at *3 (N.D. Cal. May 10, 2010)).)  With respect to

27  damages, the Court previously noted that damages must be a type the law allows.  *Lueras v. BAC*

28  *Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 79 (2013) (finding time and effort assembling

an application were "nominal damages" and "the law does not concern itself with trifles"); *see also Newman v. Bank of N.Y. Mellon*, No. 1:12-cv-01629-AWI-MJS, 2017 WL 1831940, at *12 (E.D. Cal. May 8, 2017), *adopted in part, rejected in part by Newman v. Bank of N.Y. Mellon*, No. 1:12-cv-1629 AWI MJS, 2017 WL 4325772 (E.D. Cal. Sept. 29, 2017); *cf. Martinez v. Flagstar Bank, FSB*, No. 2:15-cv-01934-KJM-CKD, 2016 WL 3906810, at *8 (E.D. Cal. July 19, 2016) (finding allegations of "a lengthy, distressing, and costly application process and [that the plaintiffs] *would have maintained possession of their home*" sufficient (emphasis added)).

Here, Plaintiffs' SAC attempts to address pleading deficiencies noted in the June 14, 2018 Order. (*See* ECF No. 40.) Plaintiffs allege:

> [A]s a result of Defendants' representations, promises, conduct, acts and failures to act . . . [P]laintiffs refrained from taking other actions that would have allowed them to cure the default on their loan which would have prevented a foreclosure trustee's sale from taking place . . . Plaintiffs relied upon the above stated acts and representation of [D]efendants and didn't file for bankruptcy which would have prevented a foreclosure sale and didn't seek . . . the advice of an attorney to cause a stopping of the foreclosure sale. Plaintiffs for[e]went filing for bankruptcy, and further for[e]went borrowing money which they would have been able to do to pay the default which would have prevented the foreclosure sale from taking place.

(*Id.* at ¶ 78.) With respect to causation, Plaintiffs adequately allege Defendants mishandled their loan modification documents which possibly deprived them of relief. *Garcia I*, 2010 WL 1881098, at *3. Plaintiffs further allege that, as a proximate cause of Defendants' conduct:

> Plaintiffs have suffered injury in that the . . . Property was sold while Plaintiffs were in the process of being evaluated for a loan modification. Further, Plaintiffs were not given an opportunity to appeal a denial because they never received a decision on their loan modification application before or after the trustee's sale had taken place. Further, Plaintiffs were induced to participate in the modification process instead of seeking other alternatives. Further, Plaintiffs spent time and money engaging in the modification process and gave Defendants access to personal financial data that Defendants were not otherwise entitled to receive. Plaintiffs lost title to the . . . Property and suffered severe emotional distress, anxiety, stress and sleeplessness. Finally, Plaintiffs have been forced to pay legal fees and expenses to enforce his rights and has suffered additional damages all within an amount that is within the jurisdiction of this [C]ourt and according to proof at trial.

6

1    (ECF No. 40 ¶ 79.)  With respect to damages, Plaintiffs adequately allege a "lengthy, distressing,

2    and costly application process" and that they would have maintained possession of the Property

3    had they received a loan modification.  *Martinez*, 2016 WL 3906810, at *8.  Plaintiffs therefore

4    adequately state a claim for relief.  *See Cafasso*, 637 F.3d at 1054–55.  Accordingly, Defendants'

5    motion for judgment on the pleadings as to Claim One is DENIED.

6                  C.    Claims Two and Three: Intentional and Negligent Misrepresentation

7         Defendants make the same arguments with respect to Claims Two and Three as they did

8    in their prior motion to dismiss.  (*See* ECF No. 23 at 16.)  Defendants argue an oral promise not to

9    exercise the right to foreclose, as Plaintiffs allege, would violate the statute of frauds.  (ECF No.

10   43 at 13–15.)  Defendants further argue Plaintiffs do not allege sufficient facts to show required

11   elements for these two claims — namely, misrepresentation of a past or existing material fact,

12   knowledge of falsity, and damages.  (Id. at 12, 15–18.)  The Court will address Defendants'

13   statute of frauds argument and decline to address their remaining arguments as the statute of

14   frauds argument is dispositive of the instant motion with respect to both claims.

15        Defendants argue an "alleged promise not to foreclose comes within the statute of frauds"

16   and thus "reliance on an alleged oral representation is not reasonable."  (ECF No. 43 at 12.)  In

17   opposition, Plaintiffs assert "Defendants' representation to Plaintiffs that 'the foreclosure sale

18   would not occur because Plaintiffs were being evaluated for a loan modification[]' amounts to

19   promissory fraud and is an actionable misrepresentation, regardless of any limitations of the

20   statute of frauds."  (ECF No. 47 at 10–11.)

21        This Court previously noted that under California law, an agreement to modify a contract

22   subject to the statute of frauds — such as a mortgage — is also subject to the statute of frauds and

23   must be in writing and signed by the party to be charged to be enforceable.  (ECF No. 23 at 16

24   (citing *Ahmadi v. Nationstar Mortg., LLC*, No. SACV 16-0062 AG (JCGx), 2016 WL 7495826,

25   at *7 (C.D. Cal. Mar. 31, 2016); *Secrest v. Security Nat'l Mortg. Loan Trust 2002–2*, 167 Cal.

26   App. 4th 544, 553 (2008); Cal. Civ. Code § 1698).)  The Court also noted Defendants are

27   estopped from asserting a statute of frauds defense if Plaintiffs can show detrimental reliance.

28   (*Id.* (citing *Melendez v. U.S. Bank Nat'l Ass'n*, No. CV 15-08633 SJO (AGRx), 2015 WL

1   12866246, at *5 (C.D. Cal. Dec. 3, 2015); *Garcia v. World Sav., FSB* (*Garcia II*), 183 Cal. App.

2   4th 1031, 1040 n.10 (2010)).)

3          Here, Plaintiffs' fail to allege sufficient facts to establish detrimental reliance.  With

4   respect to reliance specifically, Plaintiffs allege:

> As a result of Defendants' repr[e]sentations, promises, conduct, acts
> and failures to act as described above, [P]laintiffs refrained from
> taking other actions that would have allowed them to cure the default
> on their loan which would have prevented a foreclosure trustee's sale
> from taking place of their residence.  Plaintiffs relied upon the above
> stated acts and representation of [D]efendants and didn't file for
> bankruptcy which would have prevented a foreclosure sale and didn't
> seek the advice of an attorney to cause a stopping of the
> foreclosure sale. Plaintiffs for[e]went filing for bankruptcy, and
> further for[e]went borrowing money which they would have been
> able to do to pay the default which would have prevented the
> foreclosure sale from taking place.  Plaintiffs believed no scheduled
> foreclosure sale was going to take place since they were in the loan
> modification process and therefore did not know or believe a
> foreclosure sale was goin[]g to take place on May 12, 2016 and for
> that reason did not earlier file for bankruptcy or obtain a loan or
> secure other funds to cure the default amount.

14   (ECF No. 40 ¶ 85.)  Plaintiffs' allegations again fall short.  Though Plaintiffs state the

15   aforementioned alternatives exist, Plaintiffs again fail to allege how they would have pursued

16   them, why they could not pursue them during the modification process, and how they would have

17   avoided foreclosure.  Plaintiffs do not allege whether Defendants instructed Plaintiffs not to

18   proceed with alternative remedies, nor do Plaintiffs indicate whether Defendants' statement was

19   in writing.  (*See id.*)  Both facts are critical to determine whether Plaintiffs can establish

20   detrimental reliance or whether Defendants are estopped from asserting a statute of frauds

21   defense.  The Court finds Plaintiffs have not alleged sufficient facts to satisfy either.

22          Accordingly, Defendants' motion for judgment on the pleadings as to Claims Two and

23   Three is GRANTED.  Because the Court already provided Plaintiffs with leave to amend

24   regarding satisfying detrimental reliance or the statute of frauds and Plaintiffs have failed to do

25   so, the Court grants the motion without leave to amend.

26          D.      Claim Four: Wrongful Termination

27          Defendants argue an equitable set-aside of a foreclosure sale is not a remedy available

28   under a wrongful foreclosure claim.  (ECF No. 43 at 18.)  Defendants cite the California

Homeowner Bill of Rights ("HBOR") and notes Plaintiffs have two available remedies — a pre-foreclosure injunction or damages for a material violation of the HBOR after a trustee's deed upon sale has been recorded.  (*Id.*)  In opposition, Plaintiffs cite cases that discuss various monetary damages but do not address equitable relief, such as setting aside a sale.  (ECF No. 47 at 13–15.)

California case law recognizes setting aside a trustee's foreclosure sale in cases where there is "proof of some element of fraud, unfairness, or oppression."  *Susilo v. Wells Fargo Bank, N.A.*, 796 F. Supp. 2d 1177, 1193 (C.D. Cal. 2011) (citing *Stevens v. Plumas Eureka Annex Mining Co.*, 2 Cal. 2d 493, 496 (1935)).  To adequately plead a claim to set aside a foreclosure sale, a plaintiff must establish: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering."  *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011).  "Justifications for setting aside a trustee's sale, . . . which satisfy the first element, including the trustee's or the beneficiary's failure to comply with the statutory procedural requirements for the notice or conduct of the sale."  *Id.*

Here, with respect to the first element, the Court has previously found Plaintiffs sufficiently pleaded a claim for violation of California Civil Code § 2923.6 (Claim Five), as Plaintiffs allege Defendants unlawfully proceeded with the foreclosure sale while Plaintiffs had a complete modification application pending.  (*See* ECF No. 23 at 7–11.)  Defendants do not seek judgment on the pleadings with respect to Claim Five in the instant motion.  With respect to the second element, Plaintiffs allege they "suffered harm in that they lost title to the . . . Property despite the fact that they were in a loan modification review and had submitted a complete application.  (ECF No. 40 ¶ 99.)  Plaintiffs also expended time, money and energy in the loan modification process.  Plaintiffs now face eviction and the loss of possession of the . . . Property."  (*Id.*)  With respect to the third element, Plaintiffs allege they "should be excused from tendering

1    the amount of their alleged indebtedness due to the fact that the Trustee's Deed is Void upon its

2    Face as Defendants violated Cal. Civ. Code § 2923.6 by selling the . . . Property while Plaintiffs

3    were in review for a loan modification." (*Id.* at ¶ 100.)  Plaintiffs also allege "it would be

4    inequitable to require [them] to tender because they were in the process of obtaining the loan

5    modification which would have allowed them to cure the default." (*Id.*)  This Court has also

6    previously held it would be contradictory to require Plaintiffs to tender the amount due in these

7    circumstances, so Plaintiffs were excused from tender.  (ECF No. 23 at 19 (citing *Majd v. Bank of*

8    *Am., N.A.*, 243 Cal. App. 4th 1293, 1305 (2015), *as modified* (Jan. 14, 2016)).)  Based on the

9    foregoing, Plaintiffs can adequately establish a claim to set aside a foreclosure sale.  Accordingly,

10   Defendants' motion for judgment on the pleadings as to Plaintiffs' Claim Four is DENIED.

11               E.      Claim Seven: Violation of the Unfair Competition Law ("UCL"),

12                       California Business and Professions Code § 17200

13          Defendants argue Plaintiffs are only entitled to restitution for a violation of California

14   Business and Professions Code § 17203 and "Plaintiffs fail to allege that they have paid

15   Defendants any monies that would entitle them to relief under the statute." (ECF No. 43 at 18–

16   19.)  Defendants maintain "[t]o establish the permissible restitutionary disgorgement, Plaintiffs

17   would need to identify the precise fees and amounts that they paid to Defendants which they

18   claim must be disgorged." (*Id.* (emphasis omitted).)  In opposition, Plaintiffs contend Seterus still

19   has the wrongfully-acquired funds from Plaintiffs during the time they were servicing the loan.

20   (ECF No. 47 at 16.)

21          Under the UCL, "restitutionary disgorgement 'focuses on the plaintiff's loss, and

22   nonrestitutionary disgorgement 'focuses on the defendant's unjust enrichment.'" *In re Google*

23   *Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 840 (N.D. Cal. 2020) (citing *Meister v. Mensinger*,

24   230 Cal. App. 4th 381, 398 (2014)).  While nonrestitutionary disgorgement of profits is not

25   recoverable in a UCL claim, "disgorgement of money obtained through an unfair business

26   practice is an available remedy in a representative action only to the extent that it constitutes

27   restitution." *Hambrick v. Healthcare Partners Medical Grp., Inc.*, 238 Cal. App. 4th 124, 157

28   (2015).

                                                     10

1    Here, Plaintiffs allege that they "seek restitution and disgorgement of all fees and

2    penalties assessed to their [s]ubject [l]oan balance as well as an injunction to enjoin Defendants

3    from engaging in . . . illegal, unfair and fraudulent business practices."  (ECF No. 40 at 27.)

4    Plaintiffs do not allege how many total payments were made to Seterus, how much money was

5    paid to Seterus, or how many of those total payments were returned.  (*See id.*)  However, to

6    require that level of specificity on a claim this Court previously ruled as sufficient would be

7    contradictory.  (*See* ECF No. 23 at 22 (holding that Plaintiffs stated a claim under UCL §

8    17200).)  The Court ruled the UCL claim is sufficient because Plaintiffs alleged adequate facts to

9    support their claims for violations of California Civil Code §§ 2923.6(c) and 2923.7.  (*Id.*)

10   Plaintiffs here seek "disgorgement of money obtained through an unfair business practice," which

11   is permissible.  *Hambrick*, 238 Cal. App. 4th at 157.  Accordingly, Defendants' motion for

12   judgment on the pleadings as to Plaintiffs' Claim Seven is DENIED.

13       IV.   CONCLUSION

14       For the aforementioned reasons, the Court hereby GRANTS in part and DENIES in part

15   Defendants' Motion for Judgment on the Pleadings (ECF No. 43) as follows:

16       1.   Defendants' Motion for Judgment on the Pleadings as to Claim One is DENIED;

17       2.   Defendants' Motion for Judgment on the Pleadings as to Claim Two is GRANTED

18           without leave to amend;

19       3.   Defendants' Motion for Judgment on the Pleadings as to Claim Three is GRANTED

20           without leave to amend;

21       4.   Defendants' Motion for Judgment on the Pleadings as to Claim Four is DENIED;

22       5.   Defendants' Motion for Judgment on the Pleadings as to Claim Seven is DENIED;

23           and

24       6.   Defendants' Motion for Judgment on the Pleadings as to Claim Eight is GRANTED

25           without leave to amend.

26       The parties are directed to file a joint status report within thirty (30) days of the electronic

27   filing date of this Order.

28   ///

1          IT IS SO ORDERED.

2    Dated:  September 28, 2021

3

4

5
                                                    _____
6                                                   Troy L. Nunley
                                                    United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28